**IN THE UNITED STATES DISTRICT COURT**
**THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STANFORD REID, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   14-cv-08172 |
| BLITT AND GAINES, P.C., MIDLAND FUNDING LLC, | ) ) ) | Honorable Judge Samuel Der-Yeghiayan |
| Defendants. | ) ) | |

**BLITT AND GAINES, P.C.'s ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, BLITT AND GAINES, P.C. ("Defendant" or "Blitt"), by and through counsel, and in Answer to the Complaint of Plaintiff, STANFORD REID ("Plaintiff" or "Stanford") states as follows:

**NATURE OF THE ACTION**

1.   Plaintiff brings this action for damages for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA").

**ANSWER:**   **Blitt admits that Plaintiff purports to bring this claim for damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA").**

**JURISDICTION AND VENUE**

2.   This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA) and 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States.

**ANSWER:**   **Blitt admits that this Court has subject matter jurisdiction due to Plaintiff's allegations, which purport to invoke the Court's federal question jurisdiction.**

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**ANSWER:** **Blitt admits that venue in this District is proper.**

## PARTIES

4. Stanford is a natural person who resides in the Northern District of Illinois and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

**ANSWER:** **Blitt admits the allegations contained in paragraph four.**

5. At all times relevant to the action, Blitt was an Illinois law firm with its principal office located at 661 Glenn Avenue, Wheeling, Illinois 60090 and its registered agent is Fred N. Blitt, 661 Glenn Avenue, Wheeling, Illinois 60090.

**ANSWER:** **Blitt admits the allegations contained in paragraph five.**

6. Blitt is a "debt collector" as defined by the FDCPA, U.S.C. §1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**ANSWER**: **Blitt admits the allegations contained in paragraph six.**

7. At all times relevant to the action, Midland was a California corporation with its principal office located at 3111 Camino Del Rio North, #1300, San Diego, California 92108 and with its registered agent located at Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

**ANSWER**: **Blitt asserts that paragraph seven of Plaintiff's Complaint contains no affirmative allegations against Blitt, and that therefore no response from Blitt is required.**

8. Midland is a "debt collector" as defined by the FDCPA, U.S.C. §1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**ANSWER:** **Blitt asserts that paragraph eight of Plaintiff's Complaint contains no affirmative allegations against Blitt, and that therefore no response from Blitt is required.**

## FACTS SUPPORTING CAUSE OF ACTION

9. Midland has been attempting to collect from Stanford an alleged consumer debt in the amount of $1,029.17.

**ANSWER:** **Blitt admits the allegations contained in paragraph nine.**

10. On October 17, 2013, Blitt, on behalf of Midland, filed a complaint in the Circuit Court of Cook County, Illinois against Stanford. The case was captioned *Midland Funding LLC v. Stanford Reid* case number 2013 M1 156801 ("Collection Case"). *See* Exhibit A, a true and correct copy of the Collection Case court docket.

**ANSWER:** **Blitt admits the allegations contained in paragraph ten.**

11. Blitt filed the Collection Case at the Richard J. Daley Center Courthouse. *Id.*

**ANSWER:** **Blitt admits the allegations contained in paragraph eleven.**

12. The Richard J. Daley Center Courthouse serves Cook County's First Municipal District. *See* Exhibit B, a true and correct copy of a map of the Circuit Court of Cook County Municipal Districts and Courthouses.

**ANSWER:** **Blitt admits the Richard J. Daley Center Courthouse is located in the First Municipal District but notes that it serves the entire County of Cook.** [1]

13. Civil matters that do not meet the damages threshold to be filed in the Law Division of the Circuit Court of Cook County are assigned to the Circuit Court's Civil/Municipal Division.

---

[1] See Cook County General Order No. 1.3(a)("Any action or proceeding may be heard or tried in any courtroom in the Circuit Court of Cook County, regardless of the department, district or division in which the case was filed or for which the courtroom is regularly used.").

**ANSWER:** **Blitt admits the allegations contained in paragraph thirteen.**

14. Cases filed in the First Municipal District are identified by the abbreviation "M1."

**ANSWER:** **Blitt admits the allegations contained in paragraph fourteen.**

15. Stanford resides at 17007 Kedzie Avenue, Hazel Crest, Illinois 60429.

**ANSWER:** **Blitt admits the allegations contained in paragraph fifteen.**

16. Hazel Crest, Illinois is located in Cook County, but is located within the Circuit Court of Cook County's Sixth Municipal District. *Id.*

**ANSWER:** **Blitt admits the allegations contained in paragraph sixteen.**

17. The Bridgeview Courthouse is the courthouse that serves the Circuit Court of Cook County's Fifth Municipal District. *Id.*

**ANSWER:** **Blitt admits the allegations contained in paragraph seventeen, but notes that the Bridgeview Courthouse serves the entire County of Cook.**

18. The Richard J. Daley Center Courthouse is 25 miles from Stanford's home.

**ANSWER:** **Blitt admits the allegations contained in paragraph eighteen.**

19. In contrast, the Markham Courthouse is 2.6 miles from Stanford's home.

**ANSWER:** **Blitt admits the allegations contained in paragraph nineteen.**

20. In order for Stanford to travel to the Markham Courthouse from his home, he would merely have to drive on 167th Street and park in the free parking lot at the Markham Courthouse.

**ANSWER:** **Blitt admits the allegations contained in paragraph twenty.**

21. According to Google Maps, the trip would take about 4 minutes.

**ANSWER:** **Blitt admits the allegations contained in paragraph twenty-one.**

22. In order for Stanford to travel to the Richard J. Daley Center Courthouse, he must take Interstate 57 North to Chicago, locate expensive parking for his vehicle, and make his way there either on foot or via taxi.

**ANSWER:** **Blitt denies the allegations contained in paragraph twenty-two. Blitt notes Plaintiff never actually appeared in court. Therefore, this allegation is purely hypothetical. Furthermore, Blitt lacks sufficient information to form a belief as to whether it is even appropriate to measure the convenience of the Daley Center as a forum based strictly on the distance or hypothetical travel time via automobile from Plaintiff's legal residence.**

23. According to Google Maps, this trip will take 29 minutes excluding the time spent in traffic, locating parking, and then actually making the trek to the Richard J. Daley Center Courthouse upon arrival to downtown Chicago.

**ANSWER:** **Blitt admits that Google Maps indicates this trip will take approximately 29 minutes via automobile from Plaintiff's residence.**

24. The courthouse closest to Stanford's home is the Markham Courthouse.

**ANSWER:** **Blitt admits the allegations contained in paragraph twenty-four.**

### COUNT I -- VIOLATION OF THE FDCPA AGAINST BLITT

25. Stanford repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

**ANSWER:** **Blitt adopts and re-alleges its responses to Paragraphs 1 through 24, above.**

26. The Collection Case was an attempt to collect a "consumer debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

**ANSWER:** **Blitt admits the allegations contained in paragraph twenty-six.**

27. 15 U.S.C. §1692i(a)(2) requires that a debt collector sue a consumer in the judicial district or similar legal entity where the consumer resides at the commencement of the action.

**ANSWER:** **Blitt asserts that the allegations in paragraph twenty-seven of Plaintiff's Complaint merely constitute a purported paraphrase of certain aspects of the FDCPA,**

5

**consisting of a legal conclusion, and make no affirmative allegations against Blitt, and therefore, no response from Blitt is required.**

28. The closest courthouse to Stanford's home is the Markham Courthouse.

**ANSWER:** **Blitt admits the allegations contained in paragraph twenty-eight.**

29. Blitt violated 15 U.S.C. §1692i(a)(2) when it filed the Collection Case at the Richard J. Daley Center Courthouse, a location some 22.4 miles further from Stanford's house than the Markham Courthouse.

**ANSWER:** **Blitt admits the allegations contained in paragraph twenty-nine.**

30. Blitt sued Stanford, on behalf of Midland, at a remote courthouse in order to discourage him from appearing and defending the Collection Case.

**ANSWER:** **Blitt admits that it sued Stanford on behalf of Midland at a Courthouse which is located some 22.4 miles further from Stanford's residence than the Markham Courthouse. Blitt was acting in accordance with existing Seventh Circuit case law when it filed the Collection Case and Blitt denies that it did so to discourage Stanford from appearing.**

31. Blitt's unlawful collection activities constitute abusive forum-shopping in violation of the FDCPA.

**ANSWER:** **Blitt admits that its collection activities violated the FDCPA. Blitt denies Stanford's characterization that Blitt was engaged in "abusive forum-shopping."**

COUNT II -- VIOLATION OF THE FDCPA AGAINST MIDLAND

32. Stanford repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

**ANSWER:** **Blitt adopts and re-alleges its responses to Paragraphs 1 through 24, above.**

33. The Collection Case was an attempt to collect a "consumer debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

**ANSWER:** **Blitt admits the allegations contained in paragraph thirty-three.**

34. 15 U.S.C. §1692i(a)(2) requires that a debt collector sue a consumer in the judicial district or similar legal entity where the consumer resides at the commencement of the action.

**ANSWER:** **Blitt asserts that the allegations in paragraph thirty-four of Plaintiff's Complaint merely constitute a purported paraphrase of certain aspects of the FDCPA, consisting of a legal conclusion, and make no affirmative allegations against Blitt, and therefore; no response from Blitt is required.**

35. The closest courthouse to Stanford's home is the Markham Courthouse.

**ANSWER:** **Blitt admits the allegations contained in paragraph thirty-five.**

36. Midland violated 15 U.S.C. §1692i(a)(2) when it caused Blitt to file the Collection Case at the Richard J. Daley Center Courthouse, a location some 22.4 miles further from Stanford's house than the Markham Courthouse.

**ANSWER:** **Blitt asserts that paragraph thirty-six of Plaintiff's Complaint contains no affirmative allegations against Blitt, and that therefore no response from Blitt is required.**

37. Midland directed Blitt to sue Stanford at a remote courthouse in order to discourage him from appearing and defending the Collection Case.

**ANSWER:** **Blitt denies the allegation contained in paragraph thirty-seven of Plaintiff's Complaint.**

38. Midlands's unlawful collection activities constitute abusive forum-shopping in violation of the FDCPA.

**ANSWER:** **Blitt asserts that paragraph thirty-eight of Plaintiff's Complaint contains no affirmative allegations against Blitt, and that therefore no response from Blitt is required.**

WHEREFORE, Defendant, Blitt and Gaines, P.C., by counsel, respectfully requests that this Answer be deemed good and sufficient, that Plaintiff be awarded no actual damages, the minimum statutory damages, costs and fees, and for all other general and equitable relief this Honorable Court deems just and proper under the circumstances.

                                                Respectfully submitted,

                                                By: s/Michael L. Starzec
                                                    Michael L. Starzec

Blitt and Gaines, P.C.
661 Glenn Avenue
Wheeling, IL 60090
(847)403-4900
(312)920-0625
MikeStarzec@BlittandGaines.com